IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MR. KERIUM ALLEN GARRICK, SR. : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 13-4899 |
| CITY OF PHILADELPHIA, ET AL., : | |
| : | |
| Defendant. | |

MEMORANDUM

YOHN, J.                                                                                              April 10, 2014

Petitioner, Kerium Allen Garrick, currently detained in the Curran-Frumhold Correctional Facility in Philadelphia has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Upon consideration of the petition, the Magistrate Judge's report recommending dismissal of the petition, and petitioner's objections thereto, the court will overrule petitioner's objections, adopt the Magistrate Judge's Report and Recommendation and dismiss petitioner's habeas corpus petition.

**I. PROCEDURAL BACKGROUND**

On April 11, 2007, Garrick was arrested in Philadelphia on drug related charges ("drug case"). (Report and Recommendation ("RR") Ex. A, at 3-4). On July 30, 2008, Garrick was again arrested in Philadelphia on charges related to the straw purchase of a firearm ("firearm case"). (RR Ex. B, at 3.) Garrick failed to attend the trials in both cases, scheduled on September 17, 2008 and January 6, 2009, respectively, and bench warrants were issued in both. (RR Exs. A, at 6; B, at 5.) Bail was reinstated on both cases on March 24, 2009. (RR Exs. A, at 6; B, at 5.) The drug case was twice continued, on May 15, 2009 and July 8, 2009, by motion of the defense. (RR Ex. A, at 6.) At both hearings, the Commonwealth was ready to proceed to

trial.  (RR. Ex. A, at 6.)  Thereafter, Garrick was found incompetent to stand trial on both cases and they were variously continued for 60-day mental health status hearings through December 2010.  (RR Exs. A, at 7-9; B, at 5-9.)  On December 20, 2010, Garrick was found competent to stand trial, but in need of treatment and was committed to Norristown Hospital for mental health treatment.  (RR Exs. A, at 9; B, at 8.)  Throughout 2011, the matters were repeatedly continued both at defense request and for psychological evaluations. (RR Exs. D, at 5-7; E, at 5-7.) [1]

On June 1, 2012, Garrick was arrested in Philadelphia for aggravated assault and other related charges ("assault case"), and released on bail. (RR Ex. C, at 1-3, 4.)[2]  The dockets show that Garrick was again committed to Norristown Hospital from late June through July 2012.  (RR Exs. D, at 8; E, at 8.)  On July 30, 2012, bail was revoked in the firearms case and the court ordered a mental health evaluation.  (RR Ex. D, at 8.)  Through the end of 2012 until this day Garrick has alternated between competence and incompetence and the courts have, ultimately, been unable to successfully complete any of his cases.  (RR Exs. D, at 9-15; E, at 8-14.)  All of his matters have been transferred to the mental health court,[3] where Garrick continues to undergo mental health evaluations.  On December 12, 2013, Garrick was found incompetent and committed under the Mental Health Act to the Detention Center Forensics Unit at the Curran-Frumhold Correctional Facility.  His matters are currently scheduled for a status of mental health

---

[1] In February 2011, Garrick's drug case and firearm case were both held for court and the matters were transferred from a Municipal docket to a Common Pleas docket.  The Common Pleas docket for the drug case is at Exhibit E, and the Common Pleas docket for the firearm case is at Exhibit D.

[2] On April 22, 2013, Garrick's assault case was held for court and the matter was transferred from a Municipal docket to a Common Pleas docket.  The Common Pleas docket for the assault case is at Exhibit F.

[3] In July 2009, the Philadelphia Court of Common Pleas created a mental health court, in which criminal cases involving mentally ill defendants are regularly reviewed by the Supervising Judge for the Criminal Trial Division. Amaris Elliott-Engel, *Philadelphia Starts Mental Health Court*, The Legal Intelligencer, July 7, 2009.  The court also helps to coordinate behavioral and mental health services provided to the defendants by a multidisciplinary team from Philadelphia's Department of Behavioral Health and Mental Retardation Services.  *Id.*

on April 11, 2014.  *See*, *Commonwealth v. Garrick*, Docket No. CP-51-CR-0002178-2011, at 16; Docket No. CP-51-CR-0002046-2011, at 17; CP-51-CR-0005346-2013, at 8.

      Throughout his nearly two-year pretrial commitment and detention, Garrick has flooded the trial courts with numerous *pro se* motions[4] in each of his pending cases, including motions for new counsel, a motion for appointment of counsel, a motion for recusal, a motion for psychiatric examination and motions to suppress. (RR Ex. D, at 12, 13; E, at 11-12; F, at 4-5.) He also filed a petition for writ of habeas corpus with the Philadelphia Court of Common Pleas on October 2, 2012, and an application for leave to file original process in the United States Supreme Court on August 7, 2013.  (RR Ex. D, at 9, 13; E, at 9.)  Most significant to the habeas petition before this court, in both his firearm and drug cases, Garrick has filed: a motion to dismiss pursuant to Rule 600 on August 13, 2012; a motion for modification of bail on September 19, 2012; and a motion to reinstate previously set bail on August 7, 2013.  (RR Ex. D, at 9, 13; E, at 8-9, 13.)  It appears from the Court of Common Pleas dockets that none of Garrick's motions were addressed by any of the courts reviewing this matter and they remain pending to this day.

      On August 21, 2013 Garrick filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this court, in which he alleged five grounds: (1) that his pretrial detention violates his constitutional rights,[5] and his bail is excessive; (2) that his bail was improperly revoked; (3) that he was denied proper medical attention that caused suffering amounting to cruel and unusual punishment in violation of his constitutional rights; (4) that the trial court held a legal proceeding outside of his presence, and that the prison does not accommodate a food

---

[4] Garrick is represented by court-appointed counsel in all three of his pending matters before the Philadelphia Court of Common Pleas.

[5] Garrick does not specify which constitutional rights his detention violates.

3

allergy requiring him to skip a meal at least once a week; and (5) that his pending charges are in violation of Rule 600 of the Pennsylvania Rules of Criminal Procedure ("Rule 600").

The Magistrate Judge issued a Report and Recommendation in which he recommended that Garrick's petition be dismissed without prejudice as to his unexhausted claims and dismissed with prejudice as to his non-cognizable claims. Garrick filed objections to the Magistrate Judge's Report and Recommendation in which he reiterated the arguments he made in his original habeas corpus petition.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2841 *et seq.*, governs the court's review of this petition for writ of habeas corpus. Federal courts have pretrial habeas corpus jurisdiction for any prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States" before a judgment is rendered. 28 U.S.C. § 2241(c)(3); *Moore v. deYoung*, 515 F.2d 437, 443 (3d Cir. 1975). Where a habeas petition has been referred to a magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), the district court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C § 636(b)(1). After conducting such a review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## III. DISCUSSION

A petitioner seeking a writ of habeas corpus is required to exhaust his claims in state court before filing a federal habeas petition. *See Moore*, 515 F.2d at 442 (explaining that there is "no distinction" between §§ 2254 and 2241 "insofar as the exhaustion requirement is concerned"). The petitioner bears the burden of showing that he has exhausted his claims in

state court. *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). To exhaust, "the petitioner must first present all of his constitutional claims in the state system, through the highest state tribunal." *Wheeler v. Pa. Bd. of Probation and Parole*, No. 06-0559, 2007 U.S. Dist. LEXIS 33400, at *4 (E.D. Pa. May 4, 2001) (internal citations omitted). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This exhaustion rule requires a petitioner to "fairly present" his federal claims at each level of the state court system. *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) ("In order for a claim to be exhausted, it must be fairly presented to the state courts by invoking one complete round of the State's established appellate review process.") (internal quotations and citations omitted); *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999). Exhaustion may be excused only if "extraordinary circumstances are present." *Moore*, 515 F.2d at 443.

### A. Claims Relating to Bail

Garrick first claims that his excessive bail and the revocation of his bail on his firearm charge violate his Fifth, Eighth, Ninth and Fourteenth Amendment rights. (Objections, at 6.)[6] While Garrick did file *pro se* motions seeking to modify his bail and to reinstate previously set bail, those motions are still currently pending before the trial court. (RR Ex. D, at 9, 13; E, at 8-9, 13.) Thus, the motions have not yet been presented "through the highest state tribunal" as required for exhaustion. *Wheeler*, No. 06-0559, 2007 U.S. Dist. LEXIS 33400, at *4. While Garrick states that he has exhausted the claims, he fails to show that the trial court has actually decided the motions and fails to show that he has sought appellate review. *Werts*, 228 F.3d at 192 (petitioner bears the burden of proving exhaustion). Further, the docket shows that the motions are still pending.

---

[6] Garrick's Objections are not fully paginated. Accordingly, page references are to the page numbers in ECF.

Garrick does not argue, and this court does not find, that extraordinary circumstances exist to excuse exhaustion. It is disconcerting that Garrick has been held in pretrial detention without bail since July 30, 2012 even while his motion for modification of bail has been pending since September 19, 2012, and his motion to reinstate previously set bail has been pending since August 7, 2013. However, Garrick is currently represented by counsel in all three of his pending matters, and Pennsylvania courts are not required to rule on *pro se* motions filed by counseled defendants. *Commonwealth v. Ellis*, 626 A.2d 1137, 1138 (Pa. 1993) (explaining that there is "no right of self-representation together with counseled representation) (citing *Commonwealth v. Colson*, 490 A.2d 811 (Pa. 1985)). Given the deferential standard for federal habeas review of state trial proceedings and the latitude Pennsylvania trial courts enjoy in deciding *pro se* motions from counseled defendants, I find that extraordinary circumstances do not exist to excuse exhaustion, despite the nearly nineteen months Garrick's first *pro se* bail motion has languished without a ruling.

Accordingly, Garrick's claims relating to bail will be dismissed without prejudice for failure to exhaust.

**B. Claims Relating to Rule 600**

Garrick claims that his pre-trial detention violates Rule 600 of the Pennsylvania Rules of Criminal Procedure.[7] Claims asserting violation of state procedural rules are generally not cognizable under AEDPA. As the state record is not before me, it is not clear whether Garrick raised any federal constitutional claim in his Rule 600 motion. Nevertheless, insofar as Garrick

---

[7] Rule 600 provides in relevant part: "Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa. R. Crim. P. 600(A)(2)(a). The computation of this 365 days is limited to "periods of delay" "caused by the Commonwealth when the Commonwealth has failed to exercise due diligence." Pa. R. Crim. P. 600(C)(1). "When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated." Pa. R. Crim. P. 600 (D)(1).

has raised any federal constitutional claims in his Rule 600 motion, the motion is currently pending before the trial court. Garrick has, therefore, failed to exhaust the claim and does not argue that extraordinary circumstances exist to excuse exhaustion.

Accordingly, Garrick's Rule 600 motion is dismissed with prejudice as non-cognizable. Even if Garrick had raised a cognizable federal constitutional claim in his Rule 600 motion, the claim was not exhausted and would be dismissed.

### C. Claim Relating to Legal Proceedings Held Outside of Petitioner's Presence

Garrick argues that the state conducted legal proceedings when he was not present in the courtroom and therefore unable to defend himself in violation of his Sixth Amendment rights. (Objections, at 12.) Of the various *pro se* motions that Garrick filed, I failed to find one that asserts this claim, and Garrick has not alleged that he exhausted the claim, nor has he argued that exhaustion should be excused.

Accordingly, Garrick's claim relating to the alleged legal proceedings held when he was not present will be dismissed without prejudice for failure to exhaust.

### D. Claims Relating to Prison Conditions

Finally, Garrick's claims regarding his conditions of confinement, including both the alleged failure to provide appropriate medical attention and the failure to accommodate a food allergy, are not cognizable under § 2241. *See, e.g., Learner v. Fauver*, 288 F.3d 532, 543 (3d Cir. 2002). Such claims are properly brought pursuant to 42 U.S.C. § 1983 which creates civil liability for any person who, under color of law, deprives a citizen of "any rights, privileges, or immunities secured by the Constitution."

Accordingly, Garrick's claims relating to his prison conditions will be dismissed with prejudice as non-cognizable.

## IV.  CONCLUSION

After conducting a *de novo* review of the Magistrate Judge's Report and Recommendation, and upon consideration of Garrick's objections, the court will overrule the objections, adopt the Report and Recommendation, and dismiss Garrick's claims.

Additionally, the court will not issue a certificate of appealability.  A habeas petitioner may not appeal the dismissal of his petition unless he receives a certificate of appealability.  28 U.S.C. § 2253(c).  A court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  *Id.*  Because Garrick has failed to make a substantial showing of the denial of a constitutional right, and, as previously noted, his claims either have not been exhausted or are not cognizable, I will not issue a certificate of appealability.

An appropriate order will follow.